Gary D. Hull, Esq.
Gary D. Hull, P.C.
Suite 903, Pacific News Bldg.
238 Archbishop Flores St.
Hagåtña, Guam 96910
Tel: 477-9084
Fax: 477-9087

Attorney for Defendant
TAKAHISA GOTO



IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 04-00017 |
|---|---|---|
| Plaintiff, | ) | **RESPONSE TO DRAFT PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM** |
| vs. | ) | |
| TAKAHISA GOTO, | ) | |
| Defendant. | ) | |

## RESPONSE TO DRAFT PRESENTENCE INVESTIGATION REPORT

The defendant, Takahisa Goto, has no objection to the substance nor conclusions contained in the draft Presentence Investigation Report filed herein with the sole exception that he disputes certain factual recitations contained in paragraph 47 thereof. Describing an incident occurring almost 25 years ago (paragraph 47), the report states "the defendant was picked up as an overstay

alien." The defendant disputes this, and contends that he was never "picked up" nor did he overstay his visitor visa. The incident resulted from a visit that he and his then brother-in-law had at the Phoenix, Arizona, Immigration Office when he spoke with an immigration judge. Although these were not formal proceedings, Mr. Goto's reason for being there was to complain about actions and statements made by an unprofessional immigration officer at the border during a prior visit to Tijuana, Mexico. At the conclusion of this conversation, Mr. Goto simply indicated that he would be returning to Japan prior to the end of his temporary stay which was coming to a close. Although he had applied for an extension of his stay which was denied, he maintains that he departed the United States for Japan prior to the expiration of his authorized stay. Additionally, the "alias" name of "Tachibana Mitsusen" was never used by Mr. Goto during the course of any immigration proceedings. Such name, which was a cultural stage name based upon his status as a Japanese folk dance instructor, was simply inserted in an appropriate box in prior immigration forms which asked for "other names used".

Aside from the foregoing, the defendant has no objection or dispute with any of the remaining statements or conclusions contained in the Presentence Investigation Report.

## SENTENCING MEMORANDUM

The defendant is being sentenced for his conviction after a guilty plea to Aiding and Abetting Money Laundering for his part in arranging the deposit of $4,950.00 into an account at First Hawaiian Bank. After the application of the appropriate sentencing guideline provisions, the U.S. Probation Office in its draft Presentence Investigation Report concludes that the guideline imprisonment range applicable to defendant is 0-6 months, and the guideline fine range is from One Thousand to Ten Thousand dollars.

It is respectfully suggested that this Honorable Court impose a sentence of one year probation and a fine of $1,000.00 upon Mr. Goto. Given the 0-6 months imprisonment range and its plea agreement commitment to recommend the minimum period of incarceration upon defendant's full cooperation, it is not expected that U.S. Attorney's Office will move for a downward departure from the sentencing guidelines but will instead recommend the minimum term of incarceration which is zero, or probation. It is also expected that the U.S. Probation Office will not oppose a period of probation as the appropriate sentence for Mr. Goto.

Mr. Goto, by his acceptance of responsibility in this matter and his high degree of cooperation with the prosecution of other defendants including forthright and honest testimony directly contributing to the conviction of Gil A. Shinohara, has shown that he his deserving of a minimal period of probation. This can also be seen by Mr. Goto's already completing what can be seen as a period of probation, his one and one-half year period of pretrial supervision. During that time he has not only made all of his required meetings with the probation office and steadfastly adhered to its other conditions, he has traveled outside the United States for business and personal reasons on some twelve separate occasions and has returned as promised each and every time. All of this pre-trial activity together with his his courageous and convincing testimony at the Shinohara trial in San Francisco demonstrate that he is an excellent and deserving candidate for a minimal period of probation. Mr. Goto has had his own business on Guam for almost twenty years, and has steadily employed six people. It is suggested that a period of probation of more than one year, when added to the supervised release period would be unwarranted given the defendant's acceptance of responsibility and degree of cooperation. Additionally, although it has been shown in the draft Presentence Investigation Report that Mr. Goto has substantial assets, he also has substantial

liabilities. His monthly cash flow is sufficient to sustain himself and his spouse modestly, and he does not have an excess of either cash flow or assets to pay a large fine. Again, in consideration of the high degree of cooperation shown by Mr. Goto, a fine at the minimum of the guideline range is respectfully suggested to be appropriate.

## CONCLUSION

Based upon the considerations mentioned above, it is respectfully suggested that an appropriate sentence for the defendant is a period of probation of one year and a fine of $1,000.00. Such a sentence, while reflecting the seriousness of the offense for the amount plead to in the information, also acknowledges and rewards the defendant for his steadfast and continuous acceptance of guilt and high degree of cooperation with the government.

Respectfully submitted this 30 day of September, 2005.

GARY D. HULL, P.C.

By: _____
GARY D. HULL
Attorney for defendant